ORIGINAL

CLERK OF THE DISTRICT COURT
KRISTIE LEE BOELTER
2015 AUG 19 AM 9 37
FILED
BY ________
DEPUTY

Stephen C. Pohl
Attorney at Law
1700 West Koch Street, Suite 5
Bozeman, MT 59715
Telephone: (406)586-3366
Fax: (406)585-0087
spohllaw@aspenprof.com

Attorney for Plaintiff

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT,
YELLOWSTONE COUNTY

MICHAEL J. PASCHAL,

Plaintiff,

vs.

STILLWATER MINING COMPANY,

Defendant.

Cause No.: DV 15-1094
INGRID GUSTAFSON

**COMPLAINT AND JURY DEMAND**

120/112504

COMES NOW the Plaintiff, Michael Paschal, and complains and alleges as follows:

1. At all times relevant to the matters alleged in this Complaint, Plaintiff, Michael Paschal, was a resident of Stillwater County, Montana.

2. At all times relevant to the matters alleged in this Complaint, Defendant, Stillwater Mining Company, was a Delaware corporation with its principal office located in Billings, Yellowstone County, Montana.

3. Plaintiff was employed by Defendant Stillwater Mining Company as a geologist from July 6, 2005 through August 20, 2014. During his nine years as an employee, Plaintiff maintained a satisfactory record both in attendance and discipline, and no adverse employment actions were taken against him at any time.

4. On August 11, 2014, Plaintiff was exposed to a nitrous oxide leak while working underground at the Stillwater Mine in Nye, Montana. As a result of the exposure, Plaintiff was ordered to the surface where he was evaluated and judged to be in good health. However, when he woke up the next day, Plaintiff was ill with flu-like symptoms, including a cough, nausea and sinus congestion. Because he did not want to miss work, Plaintiff took antihistamines for the flu like symptoms and Lyrica for back pain.

5. As the day progressed, Plaintiff felt worse and was taken to the onsite paramedics. Plaintiff asked to be taken home but the mine manager insisted on taking him to the hospital to submit to a drug test. Plaintiff was then driven to the Billings Clinic in Columbus, Montana, where the attending physician found him to be dehydrated and that he had over medicated himself with antihistamines and the medication for his back pain. A urinalysis was found to be negative for alcohol or controlled substances.

6. Although Plaintiff was forced to undergo the medical examination and urinalysis against his will, Plaintiff was billed for the charges, including the

urinalysis for a total of $1731.39. Several days later when the employer's human resources department requested the results from the urine test, Plaintiff refused on the grounds that the employer had not paid for the testing and had not offered to pay for the testing, and was therefore not privileged to see the results.

7. Plaintiff was immediately terminated on August 20, 2014 for refusing to provide his medical records to the Defendant.

8. The termination of Plaintiff's employment constitutes wrongful discharge in violation of Mont. Code Ann. § 39-2-904(1)(a), for the reason that it was in retaliation for Plaintiff's refusal to violate public policy or for reporting a violation of public policy.

9. The termination of Plaintiff's employment constitutes wrongful discharge in violation of Mont. Code Ann. § 39-2-904(1)(b), for the reason that the discharge was not for good cause and Plaintiff had completed Defendant's probationary period of employment.

10. The termination of Plaintiff's employment constitutes wrongful discharge in violation of Mont. Code Ann. § 39-2-904(1)(c), for the reason that the Defendant violated the express provisions of its own written personnel policy.

11. The termination of Plaintiff's employment has caused him to suffer a loss of wages, bonuses and fringe benefits.

12. The Defendant engaged in actual fraud or actual malice in discharging Plaintiff, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Michael Paschal, prays as follows:

1. For an award of lost wages and fringe benefits for a period of four (4) years from August 20, 2014, together with interest thereon, in accordance with Mont. Code Ann. § 39-2-905(1);

2. For an award of punitive damages in an amount to be determined by the jury;

3. For reasonable attorney's fees, costs and disbursements incurred herein; and

4. For such other and further relief as the Court may deem just.

RESPECTFULLY SUBMITTED this 18th day of August, 2015.

STEPHEN C. POHL
Attorney at Law
1700 West Koch, Suite 5
Bozeman, MT 59715
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests that all issues be tried to a jury as provided by law.

DATED this 18th day of August, 2015.

STEPHEN C. POHL
Attorney at Law
1700 West Koch, Suite 5
Bozeman, MT 59715
Attorney for Plaintiff